UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS COUNTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-429-ZMB |
| | ) | |
| HADIYA-JAQI FLEMING-SAYEED, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff St. Louis County's Motion to Remand Case. Doc. 4. Because it lacks jurisdiction over this traffic-enforcement matter, the Court grants the County's motion.

This is a case about traffic tickets. In February 2026, Fleming-Sayeed was issued two traffic citations and ordered to appear for a hearing in April at the St. Louis County Municipal Court. Doc. 1-1 at 1–4. Instead of attending that hearing, Fleming-Sayeed removed the case to federal court. *See* Doc. 1. She justified removal by claiming this Court has federal-question and "Civil Rights Jurisdiction." *Id.* at 1. The County promptly moved to remand the case to state court, Doc. 4, and Fleming-Sayeed responded over a month later, Doc. 7. Unhappy that the state court continued its proceedings, Fleming-Sayeed filed a motion seeking various forms of injunctive relief, including a temporary restraining order. Doc. 9. The matter is now ripe.

Remand is necessary because this Court lacks subject-matter jurisdiction. First, Fleming-Sayeed asserts federal-question jurisdiction under 28 U.S.C. § 1331, claiming that the County's actions "involve federal constitutional violations, including: False arrest, Unlawful seizure, Due process Violations, [and] Equal protection violations." Doc. 1 at 1. But the County's traffic citation contains no federal claims on the face of its 'complaint.' *See Kellum v. Glister-Mary Lee Corp.*

*Grp. Health Benefit Plan*, 115 F.4th 849, 853 (8th Cir. 2024) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (quotations omitted)). And even if Fleming-Sayeed is attempting to assert a counterclaim, *see* Doc. 1 at 1 (citing 42 U.S.C. § 1983), that fact would not justify removal. *See General Credit Acceptance Co. v. Deaver*, No. 4:13-CV-524-ERW, 2013 WL 2420392, at *2 (E.D. Mo. June 3, 2013) ("[A] plaintiff cannot remove an action to federal court on the basis that a counterclaim permits removal.").[1] Second, Fleming-Sayeed invokes 28 U.S.C. § 1443, but that statute is equally unavailing. Section 1443(1) requires the removing defendant to "show reliance on a law providing for equal civil rights stated in terms of racial equality." *Westridge Place Apartments LP v. Delph*, 744 F. App'x 333, 334 (8th Cir. 2018) (citation omitted). Fleming-Sayeed can remove under this provision only if the Court predicts that she will be denied or restricted from exercising "specified federal rights in the state courts." *Id.* While Fleming-Sayeed baldly claims she "cannot enforce federal rights in state court," Doc. 1 at 2, she does not even allude to racial equality. In fact, the whole of Fleming-Sayeed's notice of removal appears to be an attempt to raise section 1983 claims without filing her own lawsuit. *See id.* And section 1443(2) is inapplicable because Fleming-Sayeed has not alleged that she is a federal officer or agent. *See Delph*, 744 F. App'x at 334. As such, removal was improper because this Court has no subject-matter jurisdiction, meaning this case must be remanded.[2]

---

[1] Fleming-Sayeed also notes 28 U.S.C. § 1343 as a basis of removal, but that statute confers jurisdiction for section 1983 claims. *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 543 n.7 (1972). As such, her section 1343 arguments fail for the same reasons as the section 1331 arguments.

[2] As for Fleming-Sayeed's Motion for a Temporary Restraining Order, Doc. 9, there are a number of defects that ordinarily would require this Court to strike it. For instance, this Court's rules require the motion to be signed, FED. R. CIV. P. 11(a); *see also* E.D. Mo. L.R. 2.11, but Fleming-Sayeed failed to do so, which "prevents the Court from considering . . . the merits of [her emergency] arguments." *See Simpkins v. John Maher Builders*, 2024 WL 36424, at *2 (M.D. Tenn. Jan. 3, 2024). Further, Fleming-Sayeed did not file any pleading, and this Court cannot grant injunctive relief without one. *See Lambi v. United States*, 2026 WL 674957, at *1 (D. Neb. Mar. 10, 2026); *see also Brondel v. Lenard*, No. 4:25-cv-00546-AGF, 2025 WL 1413773, at *2 (E.D. Mo. May 15, 2025) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and

2

Accordingly, the Court **GRANTS** Plaintiff St. Louis County's [4] Motion to Remand Case to State Court.

The Court will issue a separate Order of Remand to accompany this order.

So ordered this 11th day of June 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

the conduct asserted in the complaint."). But because this Court lacks jurisdiction over this matter, the motion will remain pending for the state court to address on remand.

3